## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                    Case No. 19-023121 LMI
                                                          Chapter 13

Marty L. Taylor-Bey

Debtor                                        /

## FIRST AMENDED
## OBJECTION TO CLAIM
## IMPORTANT NOTICE TO CREDITOR:
## THIS IS AN OBJECTION TO YOUR CLAIM

**This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

**If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

**If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

**The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the debtor objects to the following claim filed in this case *:

Claim    No.

Proof of Claim No. 1 filed December 13, 2019

Name of Claimant

Bayview Loan Servicing

Amount of Claim

$89,516.82

Basis of Objection and Recommended Disposition

A.  Debtor Objects Bayview's Statement of the Monthly Mortgage Payment

Bayview states in its Objection to Confirmation of Chapter Plan (DE18) that the debtor's mortgage payment includes taxes and insurance and that the current PITI monthly payment is $755.10. This is not correct.

On March 20, 2002, debtor and creditor entered into a *Loan Adjustment Agreement* and paragraph 2 of the *Agreement* states that: "Borrower acknowledges that Servicer will not establish an impound/escrow account for the collection of property taxes and insurance premiums if such account is not currently in existence." Debtor's account did not have an escrow account when the *Agreement* was entered into and debtor has maintained his own taxes and insurance. The *Agreement* states that debtor's principal and interest payment is $551.11 and that is the amount provided for in the First Amended Plan. Debtor has obtained his own hazard insurance and a copy of the hazard insurance Declarations page with coverage effective on July 19, 2019, was provided to Bayview, and debtor paid his 2019 real property taxes in full on November 19, 2019. The recommended disposition is to sustain debtor's objection to claim with respect to the monthly mortgage payment amount.

B.  Debtor Objects to Bayview's Amount of Arrears

Bayview states the amount of arrears is $25,420.77. Debtor objects to this sum.

On February 11, 2011, Mr. Taylor-Bey filed a Chapter 13 bankruptcy in the Miami Division of the Southern District of Florida, *In Re Marty Taylor Bey*, Case No. 11-13536, because his mortgage with Bayview Loan Servicing was in foreclosure. Bayview Loan Servicing was listed as a creditor and filed a Proof of Claim in the bankruptcy case and was provided for in Mr. Taylor-Bey's Chapter 13 Plan and received distributions. Mr. Taylor-Bey did not understand that his 2011 Plan payment included an escrow account, and he continued to pay his own insurance and taxes outside of the Plan.

At the conclusion of the Chapter 13 case, on July 16, 2016, bankruptcy Judge Robert A. Mark signed an *Order Granting Debtor's Motion to Deem Bayview Financial Loan Current as of March, 2016.* A copy is attached as Exhibit A. The Order states that Mr. Taylor-Bey's loan with Bayview was current as of March 2016, that all arrears were cured as of March 2016 and that Bayview shall waive all late charges and other fees applied prior to March 2016. At the conclusion of his Chapter 13 case, Mr. Taylor-Bey commenced in April 2016 once again making principal and interest payments of $551.11 to Bayview.

On June 10, 2016, Bayview sent Mr. Taylor-Bey an Annual Escrow Account Disclosure Statement which stated on page 2 that Mr. Taylor-Bey had an *Actual Escrow Balance* of $12,930.01. (Emphasis added.) Copy attached as Exhibit B. This actual escrow surplus was not refunded to the debtor which violates RESPA at 12 C.F.R. §1024.17 (f) (2) (1).[1] In addition, failure to refund this actual escrow surplus violates paragraph 2 of the mortgage. Debtor has made a good faith effort to determine the amount of arrears based on a monthly mortgage payment of $551.11, and added fees and costs and calculates arrears at $18,009.87. To make a final determination of

debtor's arrears, Bayview's claim must be reduced by the $12,930.01 escrow credit due

the debtor. The recommended disposition is to sustain debtor's objection to amount of

Bayview's claim.

Respectfully submitted,
LEGAL SERVICES OF GREATER
MIAMI, INC.

By _____s/_____

Carolina A. Lombardi
Florida Bar No.   0241970
4343 West Flagler Street, Ste. 100
Miami, FL 33134
Telephone/Facsimile: (305) 438-2427
Primary:   Clombardi@legalservicesmiami.org;
Alt.:   Sfreire@legalservicesmiami.org

---

I  12. CFR § 1024.17 (f)(2)(i)

(i)   the servicer may refund such amount to the borrower, or credit such amount against the next year's escrow If an escrow account analysis discloses a surplus, the servicer shall, within 30 days from the date of the analysis, refund the surplus to the borrower if the surplus is greater than or equal to 50 dollars ($50). If the surplus is less than 50 dollars ($50), payments.



ORDERED in the Southern District of Florida on July 19, 2016.

Robert A. Mark, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In re:

**MARTY TAYLOR BEY**
    **Debtor**

                             /

Case No. 11-13536 BKC-RAM
Chapter 13

### ORDER GRANTING DEBTOR'S MOTION TO DEEM BAYVIEW FINANCIAL LOAN CURRENT AS OF MARCH, 2016

THIS CAUSE having come before the court on July 12th, 2016 at 9:00am upon the Debtor's Motion to Deem Bayview Financial Loan Current as of March, 2016, proper notice having been served and based upon the record, it is

**ORDERED AND ADJUDGED** as follows:

1. The Debtor's Motion to Deem Bayview Financial Loan Current as of March, 2016 is GRANTED.

2. All arrears owed are deemed cured and all regular payments to Bayview Financial Loan are deemed current as of March, 2016.

3. Bayview Financial Loan shall waive any and all additional fees and late charges that may have applied as of March, 2016.

4. Debtor shall commence making direct payments to Bayview Financial Loan starting April, 2016.

### ###



EXHIBIT

A

**BAYVIEW**
LOAN SERVICING

P.O. Box 91409
Miami FL 33233-1409

**ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT**

Analysis Date: 08/10/16
Account Number: 000C

Customer Service: 1-800-457-5105
Mon-Fri, 8:00 a.m. to 7:00 p.m. EST
www.bayviewloanservicing.com

0-773-04279-0000009-001-1-000-000-000-000

MARTY TAYLOR-BEY
GWENDORIA TAYLOR
1105 NW 151ST ST
MIAMI FL 33169-6109

| | |
|---|---|
| **Current Payment as of 09/01/16** | |
| Principal & Interest | $551.11 |
| Escrow/Impound | $317.89 |
| **Total Current Payment** | **$869.00** |
| **New Payment Effective 09/01/16** | |
| Principal & Interest | $551.11 |
| Escrow/Impound | $208.81 |
| **Total New Payment** | **$759.92** |

---

## PAYMENT CALCULATIONS AND ESCROW ACTIVITY FOR THE NEXT 12 MONTH ESCROW CYCLE

For quality assurance and to comply with federal regulations, Real Estate Settlement Procedures Act (RESPA), your escrow account is reviewed at least once a year to determine that sufficient funds are available to pay your taxes and/or insurance. If the taxes and/or insurance amounts we pay from your escrow account change during the year, then the amount we are required to collect may also change. If this occurs, we suggest you contact your tax authority or insurance agent directly for an explanation of the change in your bill.

### ESCROW DISBURSEMENTS

**Current Anticipated Disbursements**
This year, we anticipate that payments from your escrow account will equal $2,505.76.

| | |
|---|---|
| HAZARD INSUR | 947.28 |
| COUNTY TAX | 1,558.48 |
| **Annual Disbursements** | **$2,505.76** |

**Escrow Payment Calculation**
$2,505.76 / 12 months = 208.81

| | |
|---|---|
| Current Escrow Balance | $12,930.01 |
| Payments Not Yet Made | 9,762.15 |
| Disbursements Not Yet Made | 167.88 |
| **Beginning Projected Balance** | **$22,524.28** |

**Calculation of Escrow Adjustment**

| | |
|---|---|
| Beginning Projected Balance | 22,524.28 |
| Ending Required Balance | 1,586.49 |
| Bankruptcy Escrow Claim Amount | 0.00 |
| **Projected Escrow Surplus** | **$20,937.79** |

### PROJECTED ESCROW ACTIVITY FOR THE NEXT 12 MONTH ESCROW CYCLE

Your actual starting escrow balance is $12,930.01. To project the next years Tax and Insurance payment we will add $9,762.15 for payments billed but not yet made. This brings your projected starting balance to $22,524.28. Based on the analysis and projected escrow activity, you are required to have a starting escrow balance of $1,586.49. Should you pay the payments not yet made for the tax and insurance portion this may result in an escrow surplus of $20,937.79.

| Month | Anticipated Payments To Escrow | Anticipated Payments From Escrow | Description | Required Balance | Projected Balance |
|---|---|---|---|---|---|
| | | | STARTING BALANCE | 1,586.49 | 22,524.28 |
| Sep 16 | 208.81 | 78.94 | HAZARD INSUR | 1,716.36 | 22,654.15 |
| Oct 16 | 208.81 | 78.94 | HAZARD INSUR | 1,846.23 | 22,784.02 |
| Nov 16 | 208.81 | 1,558.48 | COUNTY TAX | 496.56 | 21,434.35 |
| Nov 16 | .00 | 78.94 | HAZARD INSUR | 417.62 | 21,355.41 LP |
| Dec 16 | 208.81 | 78.94 | HAZARD INSUR | 547.49 | 21,485.28 |
| Jan 17 | 208.81 | 78.94 | HAZARD INSUR | 677.36 | 21,615.15 |
| Feb 17 | 208.81 | 78.94 | HAZARD INSUR | 807.23 | 21,745.02 |
| Mar 17 | 208.81 | 78.94 | HAZARD INSUR | 937.10 | 21,874.89 |
| Apr 17 | 208.81 | 78.94 | HAZARD INSUR | 1,066.97 | 22,004.76 |
| May 17 | 208.81 | 78.94 | HAZARD INSUR | 1,196.84 | 22,134.63 |
| Jun 17 | 208.81 | 78.94 | HAZARD INSUR | 1,326.71 | 22,264.50 |
| Jul 17 | 208.81 | 78.94 | HAZARD INSUR | 1,456.58 | 22,394.37 |
| Aug 17 | 208.81 | 78.94 | HAZARD INSUR | 1,586.45 | 22,524.24 |
| TOTAL | $2,505.72 | $2,505.76 | | | |

Under the Federal Law (RESPA) or applicable state law, a cushion in your escrow account is permitted (excluding MIP/PMI). The lowest (LP) required escrow balance for the next 12 months is scheduled to be $417.62 which is 1/6 of the anticipated escrow account installment.

**\*\*\* CONTINUED ON REVERSE \*\*\***

### IMPORTANT MESSAGES

This escrow analysis is based on the assumption that all escrow advances made on your loan prior to your bankruptcy filing date are included in your bankruptcy plan and will be paid through that plan. In other words, we are only analyzing for taxes (and insurance if applicable) that will come due after your current bankruptcy filing date.

To the extent your obligation has been discharged or is subject to an automatic stay in a bankruptcy proceeding under Title 11 of the United States Code, this notice is for compliance and informational purposes only and does not constitute a demand for payment or an attempt to collect any payment. If you are represented by an attorney, please notify us and provide this correspondence to your attorney.

U05-0014-110SF

---



**BAYVIEW**
LOAN SERVICING

The projected escrow surplus is only valid for loans that are current at the time of the analysis and remain current for the next 12 projected payments. An account is current if payment is received within 30 days of the payment due date.

If you pay all of your payments billed but not yet made including the escrow portion, this may result in a surplus in your escrow account of $20,937.79.

**EXHIBIT**

B

## ACCOUNT HISTORY

This is a statement of your actual escrow account transactions beginning September 2015 and ending June 2016. Next to the Actual Activity is the Anticipated Activity. Anticipated Activity represents the transactions we had projected as occurring during this cycle. By comparing the actual escrow payment with the previous projections listed, you can determine where a difference may have occurred. We are providing it to you for informational purposes. It does not require any action on your part.

Your anticipated low point may or may not have been reached based on one or more of the following factors:

| PAYMENT(S) | TAXES | INSURANCE |
|---|---|---|
| • Monthly payment(s) were received less than OR greater than expected<br>• Monthly payment(s) were received earlier OR later than expected<br>• Previous overage was returned to escrow<br>• Previous deficiency/shortage not paid entirely | • Tax rate and/or assessed value changed<br>• Exemption status lost or changed<br>• Supplemental/delinquent tax paid<br>• Tax bill paid earlier OR later than expected<br>• Tax installment not paid<br>• Tax refund received<br>• New tax escrow requirement paid | • Premium changed<br>• Coverage changed<br>• Additional premium paid<br>• Insurance bill paid earlier OR later than expected<br>• Premium was not paid<br>• Premium refund received<br>• New insurance escrow requirement paid<br>• Force placed insurance premium paid |

| MONTH | PAYMENTS PROJECTED | ACTUAL | DISBURSEMENTS PROJECTED | ACTUAL | DESCRIPTION | PROJECTED ESCROW ACCOUNT BALANCE | ACTUAL ESCROW BALANCE |
|---|---|---|---|---|---|---|---|
| Sep 15 | 212.55 | 0.00 | 80.74 | 0.00* | HAZARD INSUR | 1,743.25 | 13,377.44 |
| Sep 15 | 0.00 | 0.00 | 0.00 | 78.92* | HAZARD INS | 1,743.25 | 13,297.62 |
| Oct 15 | 212.55 | 0.00 | 80.74 | 0.00* | HAZARD INSUR | 1,875.06 | 13,297.62 |
| Oct 15 | 0.00 | 0.00 | 0.00 | 80.74* | HAZARD INS | 1,875.06 | 13,217.08 |
| Nov 15 | 212.55 | 0.00 | 1,581.77 | 1,558.48* | COUNTY TAX | 505.84 | 11,658.60 |
| Nov 15 | 0.00 | 0.00 | 0.00 | 0.00* | HAZARD INSUR | 425.10 | 11,658.60 |
| Dec 15 | 212.55 | 0.00 | 80.74 | 0.00* | HAZARD INSUR | 556.91 | 11,658.60 |
| Jan 16 | 212.55 | 0.00 | 80.74 | 0.00* | HAZARD INSUR | 688.72 | 11,658.60 |
| Jan 16 | 0.00 | 0.00 | 0.00 | 241.20* | HAZARD INS | 688.72 | 11,417.40 L |
| Feb 16 | 212.55 | 635.78 | 80.74 | 0.00* | HAZARD INSUR | 820.53 | 12,053.18 |
| Feb 16 | 0.00 | 0.00 | 0.00 | 73.69* | HAZARD INS | 820.53 | 11,979.49 |
| Mar 16 | 212.55 | 635.78 | 80.74 | 0.00* | HAZARD INSUR | 952.34 | 12,615.27 |
| Mar 16 | 0.00 | 0.00 | 0.00 | 81.58* | HAZARD INS | 952.34 | 12,533.69 |
| Apr 16 | 212.55 | 0.00 | 80.74 | 0.00* | HAZARD INSUR | 1,084.15 | 12,533.69 |
| Apr 16 | 0.00 | 0.00 | 0.00 | 78.94* | HAZARD INS | 1,084.15 | 12,454.75 |
| May 16 | 212.55 | 635.78 | 80.74 | 0.00* | HAZARD INSUR | 1,215.96 | 13,090.53 |
| May 16 | 0.00 | 0.00 | 0.00 | 81.58* | HAZARD INS | 1,215.96 | 13,008.95 |
| Jun 16 | 0.00 | 0.00 | 0.00 | 78.94* | HAZARD INS | 1,347.77 | 12,930.01 |
| TOTAL | $1,912.95 | $1,907.34 | $2,308.43 | $2,354.77 | | | |

An asterisk (*) indicates a difference from a previous estimate either in the date or the amount.

Under the Federal Law (RESPA) or applicable state law, the lowest monthly escrow balance should be no less than $425.10 or 1/6 of the anticipated escrow account payment. Your actual lowest escrow balance was $11,417.40.

Should you require additional information, please call our toll free number, 1-800-457-5105.