# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In re   Marty L. Taylor-Bey                    Case No.   19-23123-LMI

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Nationstar Mortgage LLC | Community Loan Servicing, LLC |
|---|---|
| Name of Transferee Servicer | Name of Transferor Servicer |

Name and Address where notices to transferee servicer should be sent:
**Nationstar Mortgage LLC**
**P.O Box 619096**
**Dallas, TX 75261-9741**

Court Claim # (if known):   1-2
Amount of Claim:   $78,599.37
Date Claim Filed:   June 11, 2020

Phone:   877-343-5602
Last Four Digits of Acct #   6468

Phone:   800-771-0299
Last Four Digits of Acct #   6326

Name and Address where transferee servicer payments should be sent (if different from above):
**Nationstar Mortgage LLC**
**Bankruptcy Department**
**P.O. Box 619094**
**Dallas, TX 75261**

Phone:   877-343-5602
Last Four Digits of Acct #:   6468

By:   /s/Reka Beane                                 Date:   07/21/2022
   Reka Beane 52919
   Transferee Servicer/Transferee's Servicer
           Authorized Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In Re:    Marty L. Taylor-Bey | Bankruptcy Case No.:   19-23123 |
| | Chapter:    13 |
| Debtor | Judge    Laurel M. Isicoff |
| _____/ | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 07/21/2022, a true and correct copy of the foregoing was served by U.S. Mail, First Class, and/or electronic transmission to:

Marty L. Taylor-Bey
1105 NW 151 Street
Miami, FL 33169

Carolina A Lombardi          *(served via ECF Notification)*
Legal Services of Greater Miami, Inc.
4343 West Flagler Street #100
Miami, FL 33134

Nancy K. Neidich, Trustee          *(served via ECF Notification)*
P.O. Box 279806
Miramar, FL 33027

and those parties receiving CM/ECF notices.

By:    */s/Reka   Beane*_____
         Reka   Beane
         Florida BAR NO. 52919
          for Transferee
         110 6th Street, Suite 2400
         Ft. Lauderdale, FL 33301
         954-332-9370
         954-332-9370
         Reka.Beane@mccalla.com





PO Box 619097
Dallas, TX 75261

06/08/2022

**OUR INFO**
ONLINE
**www.mrcooper.com**

**YOUR INFO**
DEBTOR(S)
**MARTY TAYLOR BEY**
**GWENDORIA TAYLOR**
CASE NUMBER
**1923123**

MARTY TAYLOR BEY
GWENDORIA TAYLOR
1105 N W 151TH ST
MIAMI, FL 33169

PROPERTY ADDRESS
**1105 NW151TH ST**
**MIAMI, FL 33169**

Dear MARTY TAYLOR BEY and GWENDORIA TAYLOR:

The servicing of your mortgage loan, that is, the right to collect payments from you, is being transferred from COMMUNITY LOAN SERVICING LLC to Mr. Cooper effective 6/1/2022. The servicing of the mortgage loan will be handled by the Bankruptcy Department at Mr. Cooper.

This transfer does not affect any term or condition of the mortgage instruments or applicable treatment in current bankruptcy proceedings, other than terms directly related to the servicing of your loan such as where to send your payments or make inquiries related to the mortgage loan.

Except in limited circumstances, the law requires that your prior servicer send you this notice at least 15 days before the effective date of transfer or at closing. Your new servicer must also send you a notice of the transfer no later than 15 days after this effective date or at closing.

Your prior servicer was COMMUNITY LOAN SERVICING LLC. If you have any questions relating to the transfer of servicing, please do not hesitate to contact their Customer Service Department at or via mail at Community Loan Servicing, LLC, 4425 PONCE DE LEON BLVD, STE 300, CORAL GABLES, FL 33146.

Your new Servicer is Mr. Cooper and your new loan number will be ▮▮▮▮▮▮▮. If you have any questions relating to the transfer of servicing to Mr. Cooper, you may call the Bankruptcy Department at 877-343-5602 between the hours of Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT). Please note the following important address information for the Bankruptcy Department at Mr. Cooper:

Correspondence Address:
Mr. Cooper
PO Box 619096
Dallas, TX 75261-9741

Payment Address:
Mr. Cooper
PO Box 619094
Dallas, TX 75261-9741

The date that your prior servicer will stop accepting payments from you is 5/31/22. The date that your new servicer will start accepting payments from you is 6/1/2022. Send all payments due on or after that date to your new servicer.

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.

**Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.**
**If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.**





If your bankruptcy plan requires you to make post-petition mortgage payments directly to the bankruptcy trustee, please continue to send the payments pursuant to the bankruptcy plan and not to the address above.

The transfer of the servicing of the mortgage loan will require you to contact all hazard and flood insurers to add Mr. Cooper as loss payee with the below address and information. For escrow accounts, insurers need to send billing statements/invoices to Mr. Cooper Loss Payee. Be sure to provide Mr. Cooper with a copy of the Notice to the Insurance Provider.

Nationstar Mortgage LLC
Its Successors and/or Assigns
P.O. Box 7729
Springfield, OH 45501-7729

If your loan has optional insurance, your mortgage life insurance, disability insurance and/or other optional products will be discontinued at the time of transfer. If you wish to maintain coverage, you must contact your provider about direct billing. If your loan does not have optional products, and you wish to obtain them, you will need to contact an optional insurance provider.

If you were making payments to the prior servicer by means of automatic deduction or monthly reoccurrence of Western Union payments, this service will not continue with Mr. Cooper due to the bankruptcy status of the loan. Once the loan is no longer in a bankruptcy status, you can set up automatic payments with Mr. Cooper by contacting the Customer Service Department.

If you authorize your bank or credit union online bill payment system to automatically pay your mortgage payment, you will need to tell your bank or credit union to make those payments to Mr. Cooper

If you are currently participating in, or being considered for, a foreclosure avoidance program or loan modification program, the prior servicer will be transferring to us any supporting documentation you may have submitted. Until the transfer date, you should continue to make your payments (i.e., trial payments, if attempting to qualify for a modification) to the prior servicer. After transfer, you should make all payments to **Mr. Cooper** at the address above. Unless you have received a decision from the prior regarding qualification for these programs, decisions regarding qualification for these programs will be made by Mr. Cooper. If you have received a decision from the prior servicer, we will be advised of that decision and will complete the processing of your workout, in accordance with that decision.

If your intention is to retain the property and you are interested in loss mitigation opportunities outside of the bankruptcy process, please contact our Bankruptcy Loss Mitigation representatives at 877-343-5602, Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT). If you are represented by counsel in your bankruptcy proceeding, please be aware that we will need written authorization from your counsel to speak with you directly regarding available loss mitigation options.

Under federal law, during the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late and a late fee may not be imposed.

Sincerely,

Mr. Cooper

| | | |
|---|---|---|
| **Servicemembers Civil Relief Act Notice Disclosure** | **U.S. Department of Housing and Urban Development Office of Housing** | OMB  Approval 2502-0584<br>Exp 3/31/2021 |

## Legal Rights and Protections Under the SCRA

Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).

## Who May Be Entitled to Legal Protections Under the SCRA?

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force Marine Corps and Coast Guard).
- Reserve and National Guard personnel who have been activated and are on Federal active duty
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration.
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

## What Legal Protections Are Servicemembers Entitled To Under the SCRA?

- The SCRA states that a debt incurred by a servicemember, or servicemember and spouse jointly, prior to entering military service shall not bear interest at a rate above 6 % during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage, or during the period of military service in the case of any other obligation or liability.
- The SCRA states that in a legal action to enforce a debt against real estate that is filed during, or within one year after the servicemember's military service, a court may stop the proceedings for a period of time, or adjust the debt. In addition, the sale, foreclosure, or seizure of real estate shall not be valid if it occurs during or within one year after the servicemember's military service unless the creditor has obtained a valid court order approving the sale, foreclosure, or seizure of the real estate.
- The SCRA contains many other protections besides those applicable to home loans.

## How Does A Servicemember or Dependent Request Relief Under the SCRA?

- In order to request relief under the SCRA from loans with interest rates above 6% a servicemember or spouse must provide a written request to the lender, together with a copy of the servicemember's military orders.
    Mr. Cooper, Attn: Military Families, PO Box 619098, Dallas, TX 75261-9741
- There is no requirement under the SCRA; however, for a servicemember to provide a written notice or a copy of a servicemember's military orders to the lender in connection with a foreclosure or other debt enforcement action against real estate. Under these circumstances, lenders should inquire about the military status of a person by searching the Department of Defense's Defense Manpower Data Center's website, contacting the servicemember, and examining their files for indicia of military service. Although there is no requirement for servicemembers to alert the lender of their military status in these situations, it still is a good idea for the servicemember to do so.

## How Does a Servicemember or Dependent Obtain Information About the SCRA?

- Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php

- "Military OneSource" is the U. S. Department of Defense's information resource. If you are listed as entitled to legal protections under the SCRA (see above), please go to www.militaryonesource.mil/legal or call 1-800-342-9647 (toll free from the United States) to find out more information. Dialing instructions for areas outside the United States are provided on the website.

form **HUD-92070**
(6/2017)